## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

KUKA (HK) TRADE CO., LIMITED        )
d/b/a KUKA HOME FURNISHINGS a/k/a )
KUKA HOME NORTH AMERICA, a        )
corporation formed and existing under the )
laws of the Republic of China,        )
                                        )
           **Plaintiff,**        )
                                        )
v.                                        )      **CASE NO.  6:21-CV-333**
                                        )
WORLDWIDE LIQUIDATORS, LLC, a   )
dissolved Florida limited liability        )
company; SVETLANA FLETCHER,
Individually; and DAVID FLETCHER,
Individually,

           **Defendants.**
_____/


## COMPLAINT

COMES NOW, Plaintiff, **KUKA (HK) TRADE CO., LIMITED d/b/a**

**KUKA HOME FURNISHINGS a/k/a KUKA HOME NORTH AMERICA**

("KUKA")**,** a corporation formed and existing under the laws of the Republic of

China, by and through its attorney, and files this Complaint for Damages and other

relief against Defendants, **WORLDWIDE LIQUIDATORS, LLC** ("**WLL**"), a

dissolved Florida limited liability corporation, **SVETLANA FLETCHER,**

Individually   ("**SVETLANA**"),   and   **DAVID   FLETCHER,   Individually**
("**DAVID**"), and states as follows:

## PARTIES

1.      **KUKA (HK) TRADE CO., LIMITED d/b/a KUKA HOME FURNISHINGS a/k/a KUKA HOME NORTH AMERICA** ("**KUKA**"), is a limited liability company formed and existing under the laws of the Republic of China.

2.      KUKA's principal place of business is located at The KUKA Building, NO.599-1, Dongning Road, Jianggan District, Hangzhou, China.

3.      Accordingly, KUKA is a citizen of the Republic of China.

4.      KUKA is a manufacturer and supplier of home furnishings.

5.      Defendant WLL is a dissolved Florida limited liability company, formerly located in Deland, Volusia County, Florida.

6.      WLL's prior principal place of business was in Deland, Florida.

7.      WLL's sole member and manager is Defendant SVETLANA, who is a citizen of the State of Florida residing at 1795 Turtle Hill Road, Deltona, Volusia County, Florida.

8.      Accordingly, Defendant WLL is a citizen of the State of Florida.

9.      Defendant SVETLANA, is a citizen of the State of Florida residing at 1795 Turtle Hill Road, Deltona, Volusia County, Florida.

10.     Defendant DAVID, is a citizen of the State of Florida residing at 1795 Turtle Hill Road, Deltona, Volusia County, Florida.

11.     DAVID conducted most if not all the business operations for WLL, including the purchase of household goods from WLL.

12.     WLL was a wholesale distributor of home furnishings.

13.      KUKA claims damages in excess of $75,000.00, exclusive of interest and costs.

## JURISDICTION AND VENUE

14.     This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2),(c) and supplemental jurisdiction over any state claims pursuant to 28 U.S.C. § 1367(a).

15.     Pursuant to 28 U.S.C. § 1332(a)(2), District Courts have jurisdiction of all civil actions where the matter in controversy exceeds $75,000, and is between citizens of a State and citizens or subjects of a foreign state.

16.     Plaintiff KUKA is a citizen of the Republic of China.

17.     Defendant WWL is a citizen of the State of Florida.

18.     Defendant SVETLANA is a citizen of the State of Florida.

19.     Defendant DAVID is a citizen of the State of Florida.

20.     KUKA claims damages in excess of $75,000.00, exclusive of interest and costs.

21.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because WLL, SVTELANA and DAVID reside or maintain a principal place of business in the Middle District of Florida.

22.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to KUKA's claims occurred in the Middle District of Florida, as a considerable number of relevant items of correspondence and invoices were sent from or received within the Middle District of Florida, and Defendant WLL made payments to KUKA from the Middle District of Florida.

23.    All conditions precedent to the filing of this action, if any, have occurred or have been excused or waived.

24.    KUKA has been required to retain undersigned counsel to enforce its rights through this action and has agreed to pay its counsel a reasonable fee for those services.

25.    This Court has supplemental jurisdiction over related state-law claims pursuant to 28 U.S.C. § 1367.

26.    This Court has personal jurisdiction over Defendant WLL because Defendant is a limited liability company that voluntarily registered in Florida, and whose sole member and manager resides in Florida.

27.     This Court also has personal jurisdiction over Defendant WLL because Defendant carried on a business in Florida.

28.     This Court also has personal jurisdiction over Defendant WLL because Defendant has an office in Florida.

29.     The office of Defendant WLL's headquarters is in Deland, Florida.

30.     At its office in Deland, Florida, Defendant WLL operates, conducts, engages in, and carries on a business.

31.     Defendant WLL's substantial and not isolated activity in Florida shows a general course of business for pecuniary benefit.

32.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because each of the defendants in this action reside in the Middle District of Florida.

33.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to KUKA's claim occurred in the Middle District of Florida, as a considerable number of relevant items of correspondence and invoices were sent from or received within the Middle District of Florida, and Defendant WLL's base of operations for negotiating the contract and initiating payment was within the Middle District of Florida.

34.     Alternatively, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3), because each Defendant is subject to the Court's personal jurisdiction.

35.    All conditions precedent to the filing of this action, if any, have occurred or have been excused or waived.

36.    KUKA has been required to retain undersigned counsel to enforce its rights through this action and has agreed to pay its counsel a reasonable fee for those services.

## CONTRACT FORMATION

37.    Between August 16, 2018 and April 25, 2019, Defendant WLL placed orders with KUKA for the delivery of household furnishings as identified therein, as evidenced by Bills of Lading and Invoices (collectively referred to herein as the "Invoices").   True and accurate copies of the Invoices (including both corresponding invoices and bills of lading) are attached hereto are Composite **Exhibit 1**.

38.    The Invoices expressed Defendant WLL's offer to purchase from KUKA household furnishings identified therein of a total value of **$142,955.96**.

39.    The Invoices were sufficiently definite in its indication of the nature, quantity, and price of the goods that Defendant WLL offered to purchase from KUKA.

40.    The Invoices indicated Defendant WLL's intention to be bound to a contract in the case of acceptance by KUKA.

41.    The Invoices therefore evidenced an offer by Defendant WLL.

42.   KUKA communicated to Defendant WLL its assent to Defendant's offers and began delivering the household furnishings to Defendant WLL according to Defendant's requests.

43.   By communicating its assent to Defendant WLL and undertaking performance of its obligations under the Invoices, KUKA accepted Defendant's offer(s).

44.   Upon KUKA accepting Defendant WLL's offer(s), the Invoices became binding contract(s) between KUKA and Defendant WLL (collectively, the "Contract").

45.   The Contract contains all the essential terms of the parties' agreement, including a sufficiently definite indication of the nature, quantity, and price of the goods that Defendant WLL contracted to purchase from KUKA.

## PERFORMANCE OF THE CONTRACT

46.   After KUKA accepted Defendant WLL's offer(s), KUKA arranged for shipping and sale of the household furnishings according to Defendant's requests.

47.   Pursuant to the requests of Defendant WLL and the parties' Contract, KUKA sold to Defendant WLL household furnishings (as identified in the Invoices) of a total value of **$142,955.96,** of which the principal sum of **$102,955.96** remains unpaid.

## DEFENDANT WLL'S BREACH OF CONTRACT

48.     After Defendant WLL purchased the household furnishings from KUKA, and the household furnishings were delivered to Defendant WLL, Defendant failed to pay for the household furnishings that were ordered and delivered to it.

49.     Prior to breaching the Contract, Defendant WLL had not paid KUKA any amount under the Contract.

50.     On or about June 14, 2019 (after WLL had sold its assets and dissolved its corporate existence, as noted below), Defendant WLL paid KUKA the total sum of **$40,000** against the amount of **$142,955.96** due under the Contract, as set forth in the itemized statement of account (the "Statement"), attached hereto as Composite **Exhibit 2**.

## KUKA'S DAMAGES

51.     Defendant WLL owes to KUKA the principal balance of **$102,955.96**, together with interest thereon from the respective dates of invoice, as the balance due for the unpaid Invoices under the parties' Contract.

## SALE OF WLL ASSETS AND AVOIDABLE TRANSFERS TO SVETLANA & DAVID

52.     Unbeknownst to KUKA, on or about May 2, 2019, Harris Investments of CFL, Inc. purchased the assets of WLL from SVETLANA for a purchase price of $2,000,000.00.

53.     Further unbeknownst to KUKA, upon the May 2, 2019 sale of WLL's assets, over $1,000,000.00 of the $2,000,000.00 in WLL sale proceeds were paid directly to SVETLANA and DAVID, without WLL making payments necessary to satisfy WLL's existing creditors, including KUKA.

54.     SVETLANA and DAVID knowingly and willfully diverted the WLL sale proceeds to themselves, individually, with the express intent of hindering, delaying and avoiding payment to WLL's known and existing creditors, including KUKA.

55.     SVETLANA executed and filed a Notice of Voluntary Dissolution for WLL with the Florida Secretary of State on May 16, 2019.

56.     In an apparent effort to further hide the sale of WLL's assets, the wrongful diversion of the WLL sale proceeds, and delay any creditor collection efforts, on or about June 14, 2019, DAVID and SVETLANA, paid to KUKA the sum of  $40,000.00, even though WLL was already dissolved.

57.     Neither DAVID nor SVETLANA notified KUKA that WLL's assets had been sold, or that they had received over $1,000,000.00 from the sale proceeds without paying WLL's creditors.

58.     KUKA first learned of the sale of WLL's asset and the fraudulent transfers to SVETANA and DAVID, on or about March 2020, when KUKA was notified by the purchaser of WLL's assets.

## CAUSES OF ACTION

### Count I: Breach of Contract - WLL

59.    KUKA repeats and realleges the allegations contained in paragraphs 1 through 58 as if set forth in full herein.

60.    The Invoices that KUKA sent to Defendant WLL constituted valid offers by KUKA.

61.    Defendant WLL accepted KUKA's offers by communicating to KUKA an expression of its assent to the terms of KUKA's Invoices and by accepting delivery (or picking up directly) of the household furnishings.

62.    Defendant WLL breached the Contract by failing to pay KUKA the balance due for the household furnishings previously delivered.

WHEREFORE, KUKA respectfully requests that this Court render judgment against the Defendant WLL and award all damages, interest, costs, and any such other and further relief as this Court deems just and proper.

### Count II: Breach of Oral Contract - WLL

63.    KUKA repeats and realleges the allegations contained in paragraphs 1 through 58 as if set forth in full herein.

64.    By way of alternative pleading, KUKA states that KUKA and Defendant WLL entered into a series of oral contracts for the sale of the household furnishings identified in **Exhibits 1 and 2**.

65.     Defendant WLL breached the contracts by failing to pay KUKA the balance due for the household furnishings previously delivered.

66.     KUKA has suffered damages as a result of Defendant WLL's failure to make payment of all of the obligations and amounts due under the Contract.

WHEREFORE, KUKA respectfully requests that this Court render judgment against the Defendant WLL and award all damages, interest, costs, and any and such other and further relief as this Court deems just and proper.

## Count III: Promissory Estoppel - WLL

67.     KUKA repeats and realleges the allegations contained in paragraphs 1 through 58 as if set forth in full herein.

68.     Defendant WLL made a misrepresentation of material fact by representing to KUKA that Defendant would pay for the household furnishings to be delivered by KUKA to Defendant.

69.     Defendant WLL's misrepresentation induced KUKA to manufacture household furnishings, for delivery to Defendant.

70.     Defendant WLL subsequently refused to pay for the household furnishings it received.

71.     Relying on Defendant WLL's misrepresentation, KUKA manufactured household furnishings and delivered the household furnishings to Defendant.

72.     As a result of Defendant WLL's misrepresentation, KUKA suffered a detriment, in that, despite receipt of the household furnishings, Defendant has failed to pay the balance due and owing to KUKA.

WHEREFORE, KUKA respectfully requests that this Court render judgment against the Defendant WLL and award all damages, interest, costs, and any and such other and further relief as this Court deems just and proper.

### Count IV: Open Account - WLL

73.     KUKA repeats and realleges the allegations contained in paragraphs 1 through 58 as if set forth in full herein.

74.     Defendant WLL owes KUKA the principal sum of **$102,955.96**, together with interest thereon from the respective dates of invoice, as the unpaid balance due for household furnishings delivered by KUKA to Defendant, as reflected in **Exhibits 1 and 2**.

WHEREFORE, KUKA respectfully requests that this Court render judgment against the Defendant WLL and award all damages, interest, costs, and any and such other and further relief as this Court deems just and proper.

### Count V: Recovery of Fraudulent Transfer Pursuant to S. 726.105 – SVETLANA and DAVID

75.     KUKA repeats and realleges the allegations contained in paragraphs 1 through 58 as if set forth in full herein.

76.    KUKA was a present creditor of WLL at the time that WLL transferred the proceeds from sale of WLL's assets to SVETLANA and DAVID, or for their individual benefit.

77.    The transfer of the proceeds from sale of WLL's assets to SVETLANA and DAVID, or for their individual benefit, without satisfying the obligations owed by WLL to KUKA and other creditors, was made with the actual intent to hinder, delay and defraud WLL's creditors, including KUKA.

78.    WLL did not receive reasonably equivalent value in exchange for the transfer of the WLL sale proceeds to DAVID and SVETLANA.

79.    The transfer of the proceeds from sale of WLL's assets to SVETLANA and DAVID, or for their individual benefit, rendered WLL was insolvent.

80.    The transfer of the proceeds from sale of WLL's assets was made to SVETLANA and DAVID, both of whom are insiders of WLL.

81.    The sale of WLL's assets, and the transfer of the proceeds from sale of WLL's assets to SVETLANA and DAVID, were concealed from WLL's creditors, including KUKA.

82.    The transfer of the proceeds from sale of WLL's assets to SVETLANA and DAVID occurred at a time when WLL was insolvent, or WLL became insolvent shortly after the transfer.

WHEREFORE, KUKA respectfully requests that this Court render judgment against the Defendants SVETLANA and DAVID, jointly and severally, award all relief available under S. 726.108, *Florida Statutes*, damages, interest, costs, and any and such other and further relief as this Court deems just and proper.

### Count VI: Recovery of Fraudulent Transfer Pursuant to S. 726.106 – SVETLANA and DAVID

83.    KUKA repeats and realleges the allegations contained in paragraphs 1 through 58 as if set forth in full herein.

84.    KUKA was a present creditor of WLL at the time that WLL transferred the proceeds from sale of WLL's assets to SVETLANA and DAVID, or for their individual benefit.

85.    The transfer of the proceeds from sale of WLL's assets to SVETLANA and DAVID, or for their individual benefit, without satisfying the obligations owed by WLL to KUKA and other creditors, was made with the actual intent to hinder, delay and defraud WLL's creditors, including KUKA.

86.    WLL did not receive reasonably equivalent value in exchange for the transfer of the WLL sale proceeds to DAVID and SVETLANA.

87.    The transfer of the proceeds from sale of WLL's assets to SVETLANA and DAVID occurred at a time when WLL was insolvent, or WLL was rendered insolvent as a result of the transfer.

WHEREFORE, KUKA respectfully requests that this Court render judgment against the Defendants SVETLANA and DAVID, jointly and severally, award all relief available under S. 726.108, *Florida Statutes*, damages, interest, costs, and any and such other and further relief as this Court deems just and proper.

## REQUEST FOR RELIEF

WHEREFORE, KUKA prays that this Court:

A.     Assume jurisdiction over the matter;

B.     Grant KUKA's request for money damages under Count I;

C.     In the alternative, grant KUKA's request for money damages under Count II;

D.     In the alternative, grant KUKA's request for money damages under Count III;

E.     In the alternative, grant KUKA's request for money damages under Count IV;

F.     Grant KUKA's request for money damages and other relief under Count V;

G.     In the alternative, grant KUKA's request for money damages and other relief under Count VI; and

F.     Grant any and all further relief this Court deems just and proper.

Dated this _____ day of February, 2020.

Respectfully submitted,

**JON E KANE, Esq.**
Florida Bar Number 814202
**South Milhausen, P.A.**
1000 Legion Place, Suite 1200
Orlando, Florida  32801
Telephone:  (407) 539-1638
Facsimile:  (407)  539-2679
Primary: jkane@southmilhausen.com
Secondary:
dmthompson@southmilhausen.com
Attorneys for Plaintiff